United States District Court
Southern District of Texas
**ENTERED**
August 08, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GLENN LARKINS and RHONDA LARKINS, Plaintiffs, | § § § § § | CIVIL ACTION NO 4:23-cv-01687 |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| S.D.P. MANUFACTURING INC, *et al*, Defendants. | § § § § | |

**OPINION AND ORDER GRANTING
MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT**

Pending is a motion by Defendant S.D.P. Manufacturing, Inc, to dismiss with respect to the statute of limitations. Dkt 43. Also pending is a motion by the CTEC Defendants (as collectively defined elsewhere below) for summary judgment on the same grounds. Dkt 44.

Legal counsel to Plaintiffs Glenn and Rhonda Larkins failed to exercise the necessary diligence in effecting service. The motions must be granted.

1. Background

On February 18, 2021, Defendant CenterPoint Energy Houston Electric, LLC, hired Mesa Line Services to replace a transformer that same day. Mesa employed Plaintiff Glenn Larkins as a lineman. When Larkins arrived to fulfill the work order, he couldn't access the transformer from the worksite provided by CenterPoint. Dkt 1-3 at ¶10. Larkins and his co-workers relocated to a new site and used an EZ Hauler to access the transformer. Id at ¶12; see also id at ¶7 (describing EZ Hauler as "mini-digger derrick" used to auger and dig holes to set utility and telephone

poles). He was then crushed and severely injured when the EZ Hauler tipped over in the driveway. Id at ¶16.

On February 20, 2023, Larkins and his wife, Plaintiff Rhonda Larkins, brought suit in the 125th Judicial District Court of Harris County, Texas. Dkt 1-3. They named Defendant S.D.P. Manufacturing, Inc, as the manufacturer of the EZ Hauler. They also named *the CTEC Defendants* as the lessors of the EZ Hauler, being CTE, LLC d/b/a Custom Truck One Source; CTE, LLC d/b/a Hi-Tech Crane/CTE, Custom Truck & Equipment, LLC and Utility One Source; CTEC, Inc; Custom Truck & Equipment, LLC d/b/a Custom Truck One Source; Custom Truck One Source, Inc formerly known as NESCO Holdings II, Inc and NESCO LLC d/b/a NESCO Rentals, NESCO Specialty Rentals and NESCO Sales and Rentals; CTEC Holding Co, LLC; and CTEC Holdings, LLC. Also named was Defendant CenterPoint Energy Houston Electric, LLC.

Plaintiffs state claims of negligence, negligence *per se*, and gross negligence against all Defendants for failure to provide a safe product. Dkt 1-3 at ¶¶20–21, 31–35. They also state a claim for products liability against S.D.P. Manufacturing (as the manufacturer of the EZ Hauler) and the CTEC Defendants (as the lessors). Id at ¶¶22–30.

The CTEC Defendants were all served on April 5, 2023. Dkt 1-5 at 1, 5, 13, 17, 21, 29, 33. S.D.P. Manufacturing was served on April 11, 2023. Id at 29. CenterPoint was served on April 18, 2023. Id at 25.

On May 5, 2023, the action was removed to federal court upon assertion of complete diversity and the fraudulent joinder of CenterPoint. Dkt 8-6 at 3–4. CenterPoint filed a motion to dismiss the claims against it. Dkt 3. Plaintiffs filed a motion to remand. Dkt 8. At the initial conference, the motion to remand was denied upon a finding of improper joinder of CenterPoint, who was dismissed. Dkt 40.

Pending is a motion by S.D.P. Manufacturing to dismiss with respect to the statute of limitations. Dkt 43.

Also pending is a motion by the CTEC Defendants for summary judgment on the same grounds. Dkt 44.

2. Legal standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff's complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) allows the defendant to seek dismissal if the plaintiff fails "to state a claim upon which relief can be granted." The Fifth Circuit holds, "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v Alcoa Inc*, 339 F3d 359, 366 (5th Cir 2003).

Review on a motion to dismiss under Rule 12(b)(6) is constrained. The reviewing court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Walker v Beaumont Independent School District*, 938 F3d 724, 735 (5th Cir 2019), citing *Campbell v Wells Fargo Bank, NA*, 781 F2d 440, 442 (5th Cir 1986). The court must also generally limit itself to the contents of the pleadings and its attachments. *Brand Coupon Network LLC v Catalina Marketing Corp*, 748 F3d 631, 635 (5th Cir 2014).

Review under Rule 56(a) on summary judgment is likewise constrained. Disputed factual issues must be resolved in favor of the nonmoving party. *Little v Liquid Air Corp*, 37 F3d 1069, 1075 (5th Cir 1994). All reasonable inferences must also be drawn in the light most favorable to the nonmoving party. *Connors v Graves*, 538 F3d 373, 376 (5th Cir 2008).

3. Analysis

The motions by S.D.P. Manufacturing and the CTEC Defendants present essentially the same arguments as to the statute of limitations. And that is, while Plaintiffs filed their lawsuit on the exact bar date, the action must still be dismissed because they didn't exercise diligence in perfecting service, which only occurred many weeks later.

Complicating this is the response briefs by Plaintiffs. See Dkts 48 & 49. The responses present disorganized, largely stream-of-thought arguments. They also appear to be identical, with very little (if any) differentiation or explanation made between S.D.P. Manufacturing and the CTEC Defendants, along with randomly varying fonts, font sizes, and formatting.

Regardless, the following questions are addressed. *First,* what are the causes of action actually pleaded by Plaintiffs, along with the attendant statute of limitations? *Second,* did Plaintiffs file this action within the requisite deadline? *Third,* if so, did Plaintiffs serve the various Defendants timely according to applicable law? *Fourth,* if not, did Plaintiffs act with sufficient diligence such that service relates back to the time of filing?

This is a diversity action. The United States Supreme Court holds that "for purposes of federal diversity jurisdiction . . . statutes of limitations are substantive," which means that the forum state's statute of limitations applies. *Sun Oil Co v Wortman*, 486 US 717, 726 (1988); see also *Stringer v Remington Arms Co, LLC*, 52 F4th 660, 662 (5th Cir 2022), quoting *Huss v Gayden*, 571 F3d 442, 450 (5th Cir 2009), citing *Guaranty Trust Co v York*, 326 US 99, 109–10 (1945). Here, the forum state law that will apply is that of Texas.

      a. Applicable statute of limitations

Plaintiffs enumerate three specific causes of action on the face of their complaint, being negligence and negligence *per se*, products liability, and gross negligence. As to these, the parties agree that these are tort claims that under Texas law are subject to a two-year statute of limitations. See Dkts 43 at 3, 44 at 4, 48 & 49 at 5; see also Tex Civ Prac & Rem Code §16.003(a); *Winfrey v Rogers*, 901 F3d 483, 492 (5th Cir 2018), citing *Gartrell v Gaylor*, 981 F2d 254, 256 (5th Cir 1993).

Plaintiffs argue in their responses that the original complaint also contains a breach of warranty claim, which has a four-year statute of limitations. Dkts 48 & 49 at 5–6.

4

Both replies argue that no such cause of action is fairly pleaded. Dkts 50 at 2–4 & 51 at 3–4.

To a certainty, no breach-of-warranty cause of action is listed in the original complaint. The point headings for the three enumerated causes specifically reference only "negligence and negligence per se," "products liability," and "gross negligence." And within the whole of the complaint, there is only passing mention—without explanation, as part of the products-liability claim—of "defective warranty" and "unreasonably dangerous because nonconformity to express warranty." Dkt 1-3 at ¶¶24, 30(e).

These two fleeting references fail to provide the requisite notice by a "short and plain statement" of the grounds asserting entitlement to relief on a breach-of-warranty claim. Fed R Civ Proc 8(a)(1). Indeed, this fails even to specify the kind of warranty being alleged as "defective," much less what its terms were or how it was breached. As such, no breach-of-warranty claim is pleaded in the original complaint. See *Anderson v US Department of Housing and Urban Development*, 554 F3d 525, 528 (5th Cir 2008), citing *Beanal v Freeport-McMoran, Inc*, 197 F3d 161, 165–66 (5th Cir 1999): "Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading."

In short, only the two-year statute of limitations applicable to Plaintiffs' tort claims pertains.

b. Timeliness of filing

Not addressed by the parties, but beyond dispute, is the obvious point that Plaintiffs' claims accrued on the date of the accident, February 18, 2021. For example, see *King-White v Humble Independent School District*, 803 F3d 754, 762 (5th Cir 2015) (holding that claim accrues when plaintiff "becomes aware that he has suffered an injury or has sufficient information to know that he has been injured") (internal quotation omitted).

5

The limitations period thus expired on February 18, 2023. But that was a Saturday, and so the last available day was the next business day, February 20, 2023. Tex R Civ Proc 4. And that's the day Plaintiffs filed their lawsuit in state court. Dkt 1-3.

This lawsuit was thus timely filed for purposes of the statute of limitations. But it was only just barely so, and that fact brings to the fore the questions as to timeliness and adequacy of actual service on the various Defendants.

c. Timeliness of service

The rule in Texas is that both the filing of the action and the service of defendants must be accomplished within the limitations period, absent a showing of diligence as to service by the plaintiff. *Ashley v Hawkins*, 293 SW3d 175, 179 (Tex 2009); see also, *Burke v Home Depot Store #6828*, 2018 WL 2321956, *3 (SD Tex): "If a plaintiff files his petition within the applicable statute of limitations period, but obtains service on the defendant outside of that limitations period, such service is valid only if the plaintiff exercised 'diligence' in procuring service."

The record reflects that each of the CTEC Defendants was served on April 5, 2023. Dkt 1-5 at 1, 5, 9, 13, 17, 21, 33. It also reflects that S.D.P. Manufacturing was served on April 11, 2023. Dkt 1-5 at 29. These dates involve delays of 46 and 52 days after the limitations period expired. As such, service is untimely.

Plaintiffs argue that timeliness of service should be measured under Rule 4 of the Federal Rules of Civil Procedure. Dkts 48 & 49 at 5. And so, they say, they had 90 days to serve process under federal law. Id at 6. The CTEC Defendants contend that it is "well settled law that in a diversity case, the law of the state where the complaint is filed determines whether a plaintiffs tolled the statute of limitations when they filed suit." Dkt 50 at 5–6, citing *Walker v Armco Steel Corp*, 446 US 740, 752–53 (1980); *Saenz v Keller Industries of Texas, Inc*, 951 F2d 665, 667 (5th Cir 1992).

6

The cases cited by the CTEC Defendants are dispositive. The argument by Plaintiffs is also non-sensical. This action was filed in state court, with service itself made under Texas procedural rules at a time when it was still pending in state court. Only thereafter did Defendants remove the action to federal court. The federal service requirements of Rule 4 obviously don't pertain to service occurring during pendency in state court. To the extent that Plaintiffs cite cases involving service deadlines under Rule 4(m) in a diversity case, they aren't on point. See Dkts 48 & 49 at 6. Rather than deal with Rule 4(m), the citation of *Murphy Bros, Inc v Michetti Pipe Stringing, Inc*, 526 US 344, 350 (1999), concerns the requirements of a summons under Rule 4(a). And as to *Hanna v Plumer*, 380 US 460, 463 (1965), the Supreme Court later held that a federal court with diversity jurisdiction must apply the forum state's law with regard to the tolling of the statute of limitations. See *Walker*, 446 US at 752–53.

In short, service was untimely.

### d. Diligence

Under Texas law, a "timely filed suit will not interrupt the running of limitations unless the plaintiff exercises due diligence in the issuance and service of citation." *Proulx v Wells,* 235 SW3d 213, 215 (Tex 2007), citing *Murray v San Jacinto Agency, Inc,* 800 SW2d 826, 830 (Tex 1990). Said another way, "[i]f service is diligently effected after limitations has expired, the date of service will relate back to the date of filing." *Proulx*, 235 SW3d at 215, citing *Gant v DeLeon,* 786 SW2d 259, 260 (Tex 1990); see also *Burke*, 2018 WL 2321956, *3, citing *Ashley*, 293 SW3d at 179.

The burden of showing diligence is on the plaintiff "to present evidence regarding the efforts that were made to serve the defendant, and to explain every lapse in effort or period of delay." *Proulx*, 235 SW3d at 216; see also *Ashley*, 293 SW3d at 179 (Tex 2009) (burden is on plaintiff to prove "diligence in procuring service on the defendant" for late service to be valid).

7

"Diligence is determined by asking 'whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served.'" *Ashley*, 293 SW3d at 179 (quoting *Proulx*, 235 SW3d at 216). "A plaintiff's explanation may demonstrate a lack of diligence as a matter of law, 'when one or more lapses between service efforts are unexplained or patently unreasonable.'" Ibid. In cases finding a lack of due diligence, "either no explanation was offered for the delay in issuing and serving citation, or the excuse given was one which affirmatively established lack of reasonable diligence." *Valdez v Charles Orsinger Buick Co,* 715 SW2d 126, 128 (Tex App—Texarkana 1986, no writ) (emphasis omitted); see also, *Saenz,* 951 F2d at 667.

Plaintiffs at base argue that they were diligent enough, given that their legal counsel was very busy during the pertinent period when service was required. Their response briefs assert, "Plaintiff was coextensively involved in a trial prior to and following the time when this suit was filed." Dkts 48 & 49 at 1. This presumably is intended to mean that Plaintiffs' counsel was in trial at the subject time—not Plaintiffs themselves. But Plaintiffs' counsel doesn't himself deign to explain anything about his own conduct and actions towards any showing of diligence. That is a glaring omission on consideration of diligence, for the professional obligations in this regard are upon him and no other, as the attorney in charge.

Instead, counsel foists the responsibility of evidentiary explanation onto his paralegal, who by affidavit states that she was tasked with perfecting service. Dkts 48-3 & 49-3 at ¶4. She explains two different things—one as to the timeline towards service, the other as to reasons why it didn't happen promptly.

*As to the timeline towards service,* the paralegal avers that (i) the state court issued citations for service on February 21, 2023, the day after filing, (ii) on February 24th, she sent the citations to a process server, (iii) she followed up with the process server on March 22nd and was

advised on March 25th that "there was confusion over the identity of the entities being served," (iv) from March 25th to 29th, she "performed an audit" to confirm the correct names and addresses of the CTEC Defendants, (v) on March 30th, "new service instructions were given," (vi) on April 4th and 5th, the citations were again "assigned" to process servers, and (vii) S.D.P. Manufacturing and the CTEC Defendants were served on April 5th and 11th, respectively. Dkts 48-3 & 49-3 at ¶¶12, 18–24.

*As to reasons why service didn't happen promptly,* the paralegal avers that (i) she was busy with concluding discovery and preparing for a trial set in Louisiana for another matter on March 6, 2023, (ii) there was a fire at the Louisiana courthouse, which resulted in confusing orders as to whether the courthouse would remain open or that trial would even proceed, (iii) on March 6th, the court in that action granted a motion excluding all of counsel's evidence in that case, (iv) on March 7th, that court at hearing reset trial for a month later, and (v) efforts were then devoted to writing an emergency writ to the Louisiana appellate court, which took until March 19th. Dkts 48-3 & 49-3 at ¶¶5–11, 13–17.

Neither of these threads comes anywhere close to meeting the requisite standards. With respect to the timeline for service, the confusion as to proper names and addresses for service at best accounts for part of the delay from late March until service on April 5th and 11th. But it doesn't, for instance, explain (i) why citations were originally held for three days and not sent to process servers after being issued by the state court the day after suit was filed, (ii) why there was no follow up on service for nearly a full month, (iii) why it took five full days to ascertain names and addresses for seven entities, being the CTEC Defendants, or (iv) why it took another four or five days for the citations to again be re-assigned for service. And important in this regard, it's "incumbent upon the [plaintiff], not only to furnish the [clerk] with the information that it had concerning the [service address], *but to exercise ordinary diligence in ascertaining that*

9

*citation was actually issued and served on the basis of such information.*" *McGuire v Federal Deposit Insurance Corp*, 561 SW2d 213, 215 (Tex App—Houston [1st Dist] 1977, no writ) (emphasis added). That plainly didn't happen here.

More problematic is the excuse offered for the entirety of the delay from February 22nd to March 22nd, which is simply that the law office was involved in another trial. "Most lawyers are busy." *Murphrey v Williams-Sonoma Stores, Inc,* 2019 WL 6330501, *3 (SD Tex). And *being busy* isn't generally (if ever) seen as a valid excuse. For example, see *Deeds v Whirlpool Corp,* 2017 WL 3437772, *3 (SD Tex), aff'd, 764 Fed Appx 407 (5th Cir 2019) (finding lack of due diligence where counsel "cites no authority that being busy with other tasks for other cases excuses a failure to respond timely"); *Murphrey,* 2019 WL 6330501, *3 (finding lack of due diligence where counsel didn't meaningfully explain delay in service beyond being busy). And even if it could be used to forgive slight or marginal delays, it certainly isn't a valid excuse for an entire month. For in that regard, nothing in the timeline recitation accounts for *all* of the working hours in a given day—much less *all* of the time resources available from other employees, about whom nothing is said. As noted above, the Texas Supreme Court requires a plaintiff "to explain every lapse in effort or period of delay." *Proulx*, 235 SW3d at 216. The affidavit simply isn't detailed enough to meet this standard.

Plaintiffs flatly assert that "a lack of diligence does not occur prior to the expiration of 3 months." Dkts 48 & 49 at 6, citing *Gant v DeLeon*, 786 SW2d 259, 260 (Tex 1990), and *Ashley v Hawkins*, 293 SW3d 175, 181 (Tex 2009). Neither case supports the cited proposition. In *Gant*, the Texas Supreme Court didn't make any blanket determination about how much time constituted a lack of due diligence. 786 SW2d at 260. And in *Ashley*, the only reference by the Texas Supreme Court to "three months" was in a parenthetical citation, with the more important holding being that, "while the time period is important, it

is not necessarily determinative of the question of diligence." 293 SW3d at 181.

The proposition is also demonstrably wrong, which Plaintiffs implicitly acknowledge, even as they attempt to distinguish citation by Defendants of *Budget Rent A Car Systems, LLC v Valadez*, 558 SW3d 304, 307 (Tex App—Houston [14th Dist] 2018, no pet), which concerned dismissal upon late service of only 32 days, where no adequate explanation of diligence appeared. See Dkts 48 & 49 at 8; see also *Mauricio v Castro*, 287 SW3d 476, 480 (Tex App—Dallas 2009, no pet) (directed verdict at trial due to service lapse of 31 days beyond limitations period); *Rodriguez v Tinsman & Houser, Inc*, 13 SW3d 47, 50 (Tex App—San Antonio 1999, pet denied) (dismissal upon late service of 36 days); *Perkins v Groff*, 936 SW2d 661, 668 (Tex App—Dallas 1996, writ denied) (dismissal upon late service of 47 days).

Plaintiffs also cite three cases as analogous to support a finding of diligence. See Dkts 48 & 49 at 7. None are on point. In *Hodge v Smith*, the delay in service was partially due to failed communication between counsel and the district clerk. 856 SW2d 212, 217 (Tex App—Houston [1st Dist] 1993, writ denied). The court held that the record didn't establish, as a matter of law, that the plaintiff failed to use due diligence due to a clerical error in service by publication. Likewise, in *Valdez v Charles Orsinger Buick Company*, the plaintiff's failure to serve a defendant resulted from a miscommunication with the clerk's office about filing fees and the number of defendants requiring service. 715 SW2d 126 (Tex App—Texarkana 1986, no writ). The court held that the explanation concerning miscommunication was sufficient to raise a fact issue about due diligence. Id. And in *Saenz v Keller Industries of Texas, Inc*, the plaintiff relied on communications from the courthouse clerk that all appropriate forms were submitted. 951 F2d at 666–67. The court held that "reliance on a miscommunication with the district clerk's office coupled with a failure to observe local rules—does not conclusively negate due diligence." Id at 668. But here,

11

there's no evidence of miscommunication with or by court personnel, but rather, only a failure by Plaintiffs' counsel to communicate with his own process server and to follow up on service. Dkts 48 & 49 at 3.

With no sufficient showing of diligence in the effectuation of service, the date of service well after expiration of the limitations period doesn't relate back to the filing of the complaint. The motions to dismiss and for summary judgment will thus be granted.

\* \* \*

In so ruling, no opinion is expressed as to the merits of the tort claims in this action, but they must be dismissed. The United States Supreme Court recognizes in these situations that "statutes of limitations often make it impossible to enforce what were otherwise perfectly valid claims." *United States v Kubrick*, 444 US 111, 125 (1979). Bright-line demarcations may extinguish claims, but "their very purpose" is to do just that. Ibid. And federal courts are obliged to observe applicable statutes of limitations without regard to consequences. As long ago stated by the Fifth Circuit, "It is of course unfortunate for the plaintiff to be barred from enforcing what may be a meritorious claim, but that is always the consequence when a statute of limitations applies." *Dedmon v Falls Products Inc*, 299 F2d 173, 178 (5th Cir 1962).

4. Conclusion

Plaintiffs' counsel failed to exercise the diligence necessary to serve Defendants after filing suit on the last possible day under the applicable statute of limitations.

The motion to dismiss by Defendant S.D.P. Manufacturing, Inc, is GRANTED with respect to the statute of limitations. Dkt 43.

The motion for summary judgment by CTE, LLC d/b/a Custom Truck One Source; CTE, LLC d/b/a Hi-Tech Crane/CTE, Custom Truck & Equipment, LLC and Utility One Source; CTEC, Inc; Custom Truck & Equipment, LLC d/b/a Custom Truck One Source; Custom Truck One Source, Inc formerly known as NESCO Holdings II, Inc and

NESCO LLC d/b/a NESCO Rentals, NESCO Specialty Rentals and NESCO Sales and Rentals; and CTEC Holding Co, LLC; and CTEC Holdings, LLC, is likewise GRANTED with respect to the statute of limitations. Dkt 44.

This action is DISMISSED WITH PREJUDICE.

This is a FINAL JUDGMENT.

SO ORDERED.

Signed on August 8, 2024, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge